15-170-cv
*Arrington v. City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand fifteen.

PRESENT:  ROBERT D. SACK,
          DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STEPHEN ARRINGTON,
                    *Plaintiff-Appellant,*

            v.                                          15-170-cv

CITY OF NEW YORK, JOSEPH GAROFALO, New York
City Police Officer, individually and in his official
capacity,
                    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        DAMOND J. CARTER, Carter & Associate Attorneys, New York, New York.[1]

FOR DEFENDANTS-APPELLEES:        SUSAN PAULSON, Richard Dearing, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Stephen Arrington appeals from a judgment entered in the United States District Court for the Eastern District of New York dismissing his 42 U.S.C. § 1983 claims against defendants-appellees Joseph Garofalo (a New York City Police Officer) and the City of New York (the "City"). By opinion and order filed December 22, 2014, the district court granted defendants' motion to dismiss Arrington's complaint for failure to state a claim upon which relief can be granted. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

---

[1] By letter submitted 11:40 p.m. the night before oral argument, Mr. Carter advised the Court that "Appellant will forego argument on this appeal." Of course, once oral argument has been scheduled, as in this case, counsel cannot simply elect to forego argument. He must seek permission of the Court to do so. Oral argument is not only for the benefit of the parties, but also for the benefit of the Court. Moreover, the Court and opposing counsel had prepared for argument. Mr. Carter's actions were both inconsiderate and inappropriate.

On October 20, 2013, Arrington, a former corrections officer who was licensed to carry a concealed weapon, was arrested by Garofalo in Queens, New York, following an incident in which Arrington shot someone purportedly in self-defense. The charges were eventually dismissed. The City nevertheless revoked Arrington's gun permit. Arrington commenced this action below, alleging claims of false arrest, malicious prosecution, malicious abuse of process, fabrication of evidence, emotional distress, and violation of the Second Amendment. The district court granted defendants' motion to dismiss the complaint. On appeal, Arrington argues that the district court improperly dismissed the false arrest, malicious prosecution, and abuse of process claims against Garofalo and the municipal liability claims against the City.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). The complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We address in turn Arrington's arguments that the district court erred in dismissing: (1) the false arrest and malicious prosecution claims against Garofalo, (2)

the malicious abuse of process claim against Garofalo, and (3) the municipal liability claims against the City.

**1.** *False Arrest and Malicious Prosecution*

The parties dispute whether Garofalo had probable cause to arrest Arrington. The district court concluded that probable cause existed and dismissed the false arrest and malicious prosecution claims because probable cause is a complete defense to these claims. *See Stansbury v. Wertman*, 721 F.3d 84, 89, 94 (2d Cir. 2013). We need not decide whether there was probable cause, however, and affirm the district court on grounds not raised below.[2] On the facts alleged in the complaint, even if Garofalo lacked probable cause to arrest Arrington, he was entitled to qualified immunity as a matter of law.[3]

Qualified immunity protects public officials from liability where either "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015) (internal quotation marks omitted). "The relevant, dispositive inquiry in determining whether a right is clearly established

---

[2]    On an appeal of a Rule 12(b)(6) dismissal, "[i]t is well settled that we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 369 (2d Cir. 2014) (internal quotation marks omitted).

[3]    Qualified immunity may be established by facts alleged in a complaint and resolved on a Rule 12(b)(6) motion to dismiss. *See Wood v. Moss*, 134 S. Ct. 2056, 2070 (2014).

is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Id.* at 92 (citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

For false arrest and malicious prosecution claims, an officer's probable cause determination is "objectively reasonable" provided there was "arguable" probable cause.  *Jenkins v. City of N.Y.*, 478 F.3d 76, 87 (2d Cir. 2007).  "Arguable probable cause [to arrest] exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met."  *Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2d Cir. 2013) (internal quotation marks omitted).  Arguable probable cause to charge exists where, accounting for any new information learned subsequent to an arrest, "it was not manifestly unreasonable for [the defendant officer] to charge [the plaintiff]."  *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 572 (2d Cir. 1996).

Here, Arrington admitted to shooting someone.  This admission, in the absence of his self-defense claim, would clearly establish probable cause.  The extent to which a police officer must credit a self-defense claim in establishing probable cause is not clearly established, and depends on the facts and circumstances of each arrest.  While a police officer cannot "disregard plainly exculpatory evidence" when establishing probable cause, *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006), if he has a reasonable basis for believing there is probable cause, he is not required to consider plausible defenses offered by a suspect prior to making an arrest.  *Jocks v. Tavernier*, 316

F.3d 128, 135-36 (2d Cir. 2003). Given this uncertainty, Garofalo's decision to arrest was not unreasonable. *See Garcia*, 779 F.3d at 93 (an officer has probable cause to arrest where facts establishing defense are not "so clearly apparent to the officers on the scene as a matter of fact, that any reasonable officer would have appreciated that there was no legal basis for arresting plaintiffs"). While Arrington's self-defense claim was plausible, on the facts alleged in the complaint, including the absence of witnesses to corroborate the self-defense claim, we conclude that at a minimum, officers of reasonable competence could disagree on whether the probable cause test was met. Accordingly, Garofalo is entitled to qualified immunity on both claims.

2.     *Malicious Abuse of Process*

To plead malicious abuse of process, a plaintiff must show that defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act, (2) with the intent to do harm without excuse o[r] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of N.Y.*, 331 F.3d 63, 76 (2d Cir. 2003) (internal quotation marks omitted). The collateral objective element requires an allegation that the defendant "aimed to achieve a collateral purpose beyond or in addition to . . . criminal prosecution," and therefore it is "not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against him by pursuing his arrest and prosecution." *Id.* at 77.

Arrington's complaint does not plausibly allege a collateral objective. His assertion that Garofalo commenced prosecution to punish him for exercising his right to bear arms is a mere allegation of a retaliation motive, not a collateral objective. Moreover, on the facts alleged, including Arrington's admission that he shot someone, it is not plausible that Garofalo arrested him for exercising his right to bear arms. For this reason, we affirm the district court's dismissal of Arrington's malicious abuse of process claim against Garofalo.

**3.** *Municipal Liability*

In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978), the Supreme Court held that a municipality cannot be liable under § 1983 solely on a theory of *respondeat superior*. A municipality may be liable under § 1983 when there is a deprivation of a constitutional right, provided that such deprivation results from an action pursuant to an official municipal policy. *Id*. at 690-91.

Arrington's municipal liability claims were properly dismissed by the district court because he has made no colorable argument that such violations were attributable to a municipal policy. Arrington argues that the City is liable for malicious prosecution, malicious abuse of process, and a violation of his Second Amendment right to bear arms. He did not plead any facts in his complaint, however, that would support a finding that these alleged violations resulted from a municipal policy.

We have reviewed Arrington's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk